UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VIGIL, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAK RESOURCES, INC., a Florida corporation; and MICHAELS STORES, INC., a Delaware corporation,<br><br>　　　　Defendants. | No.  2:23-cv-00163-TLN-AC<br><br>**AMENDED** PRETRIAL SCHEDULING ORDER |

After reviewing the parties' Joint Status Report, the Court hereby amends the Pretrial Scheduling Order.

I.　　SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.　　ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

///

1

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. Jurisdiction and venue are not contested.

**PHASE I - CLASS CERTIFICATION**

IV. DISCOVERY

The Court finds that bifurcation is necessary in order to best determine if the elements of class certification are met. Accordingly, the Court hereby bifurcates the discovery process. All discovery in Phase I shall be limited to facts that are relevant to whether this action should be certified as a class action and shall be completed **within two hundred forty (240) days**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

V. DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender for class certification purposes not later than **sixty (60) days after the close of discovery**.[1] The designation shall be accompanied by

---

[1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) are anticipated.

a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

**Within thirty (30)** days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.  The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who may be used for purposes of class certification or opposing class certification to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their

bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.

VI. CLASS CERTIFICATION

The Motion for Class Certification shall be **filed no later than one hundred eighty (180) days after the close of certification discovery.** The parties are responsible for ensuring that all motions are filed to allow for proper notice of the hearing under the Federal Rules of Civil Procedure and/or Local Rules. Local Rule 230 governs the calendaring and procedures of civil motions.

Failure to comply with Local Rule 230(c), may be deemed consent to the motion and the Court may dispose of the motion summarily.

**If the parties wish to modify the motion briefing schedule, they may file a proposed stipulation and order for the Court's consideration.**

VII. POST-CERTIFICATION CASE ACTIVITY

All other necessary dates and deadlines, including dates for the Final Pretrial Conference and Trial, along with all deadlines associated therewith, will be set by a Supplemental Pretrial Scheduling Order to be issued following the Court's ruling on Plaintiff's Class Certification Motion.

VIII. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within *fourteen* (14) days of service of this Order.

IT IS SO ORDERED.

DATED: September 12, 2023

Troy L. Nunley
United States District Judge