1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH VIGIL, on behalf of himself and          No. 2:23-cv-00163-TLN-AC
     all others similarly situated
12
                    Plaintiffs,
13                                                    **ORDER**
            v.
14
     MICHAELS STORES PROCUREMENT
15   COMPANY, INC., a Delaware
     corporation; DAK RESOURCES, INC., a
16   Florida Corporation; and DOES 1 though
     50, inclusive,
17
                    Defendant.
18

19          This matter is before the Court on Defendant Michaels Stores Procurement Company,

20   Inc.'s ("Defendant") Motion to Deny Class Certification in Part.[1] (ECF No. 17.)  Plaintiff Joseph

21   Vigil ("Plaintiff") filed a statement of non-opposition.  (ECF No. 20.)  Also before the Court is

22   Defendant's Motion for Partial Summary Judgment.  (ECF No. 23.)  Plaintiff filed an opposition

23   (ECF No. 25) and Defendant filed a reply (ECF No. 27).  For the reasons set forth below, the

24   Court GRANTS Defendant's Motion to Deny Class Certification in Part and GRANTS

25   Defendant's Motion for Partial Summary Judgment.

26   ///

27   ───────────────────────

28   [1]      Defendant DAK Resources, Inc. ("DAK Resources") is also a named defendant in this
     action but does not join in the instant motions.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of Defendant's alleged wage and hour violations.  (ECF No. 1-4 at 6–20.)  Defendant contends it engaged DAK Resources to provide temporary workers to its distribution center in Tracy, California.  (ECF No. 17 at 6.)  In October 2021, DAK Resources assigned Plaintiff to work at Defendant's distribution center.  (*Id*.)  Between approximately October 11, 2021 to December 2, 2021, Plaintiff worked in two different roles: loading and unloading trucks at the distribution center's loading docks and as a sorter operator.  (ECF No. 23 at 9.)

On November 28, 2022, Plaintiff filed the instant lawsuit, alleging Defendant and DAK Resources jointly employed him.  (ECF No. 1-4 at 9.)  Plaintiff also alleges claims under the California Labor Code for unpaid minimum and overtime wages, break violations, failure to provide accurate wage statements, and failure to reimburse business expenses.  (*Id*. at 14–19.)  Based on these alleged violations, Plaintiff also alleges a claim under the Unfair Competition Law.  (*Id*. at 19.)  Plaintiff asserts his claims on behalf of a putative class of hourly non-exempt employees of DAK Resources and Defendant in California since November 28, 2018.  (*Id*. at 11.)

On June 18, 2024, Defendant filed a motion to deny class certification in part.  (ECF No. 17.)  On August 29, 2024, Defendant filed a motion for partial summary judgment.  (ECF No. 23.)  The Court will address each motion in turn.

## II.    MOTION TO DENY CLASS CERTIFICATION

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure ("Rule") 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met.  Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc*., 97 F.3d 1227, 1234 (9th Cir. 1996).  Rule 23(a) requires numerosity, commonality, typicality, and adequacy.  Fed. R. Civ. P. 23(a).  Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication.  Fed. R. Civ. P. 23(b).

1    The defendant may file a preemptive motion to deny class certification or to strike the

2    class allegations from the complaint even if the plaintiff has not moved to certify the class.

3    *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 939 (9th Cir. 2009).  Even in cases where

4    the defendant files the motion to deny class certification, the plaintiff bears the burden of

5    demonstrating that each of Rule 23(a)'s four requirements and at least one requirement of Rule

6    23(b) are met.  *Narouz v. Charter Comm'n, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010).

7    Defendant argues the Court should deny certification of the proposed class because

8    Plaintiff cannot satisfy the Rule 23(a)'s typicality or adequacy requirements.  (ECF No. 17 at 9.)

9    Specifically, Defendant contends, at all relevant times, it required applicants for employment to

10   agree to arbitrate claims arising from their employment if hired.  (*Id*. at 7.)  Thus, Defendant

11   argues most of the putative class members — distribution center workers who Defendant directly

12   hired — have entered into agreements to resolve the claims like those alleged by Plaintiff in

13   arbitration.  (*Id*. at 6–7.)  Defendant further contends that unlike the majority of the putative class

14   members, Plaintiff is not bound by any arbitration agreement with Defendant because Plaintiff

15   did not apply for work directly with Defendant.  (*Id*. at 7.)  As such, Defendant argues Plaintiff

16   cannot represent individuals who are bound by agreements requiring arbitration of the claims at

17   issue because Defendant has defenses against them that Plaintiff has no basis to oppose.  (*Id*. at

18   12.)  Defendant contends the divergence of interests between Plaintiff and these putative class

19   members destroys typicality and renders Plaintiff an inadequate representative.  (*Id*.)

20   The Court finds that because Plaintiff filed a statement of non-opposition to Defendant's

21   Motion to Deny Class Certification in Part, Plaintiff has failed to meet his burden to demonstrate

22   that each of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are

23   met.

24   Accordingly, Defendant's Motion to Deny Class Certification in Part is GRANTED.

25   **III.    MOTION FOR PARTIAL SUMMARY JUDGMENT**

26        A.    Standard of Law

27   Summary judgment is appropriate when the moving party demonstrates no genuine issue

28   of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed.

3

1  R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary

2  judgment practice, the moving party always bears the initial responsibility of informing the

3  district court of the basis of its motion, and identifying those portions of "the pleadings,

4  depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"

5  which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.*

6  *Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof

7  at trial on a dispositive issue, a summary judgment motion may properly be made in reliance

8  solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at

9  324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a

10  party who does not make a showing sufficient to establish the existence of an element essential to

11  that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322.

12      If the moving party meets its initial responsibility, the burden then shifts to the opposing

13  party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus.*

14  *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv.*

15  *Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute,

16  the opposing party may not rely upon the denials of its pleadings, but is required to tender

17  evidence of specific facts in the form of affidavits, and/or admissible discovery material, in

18  support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must

19  demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the

20  suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that

21  the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for

22  the nonmoving party. *Id.* at 251–52.

23      In the endeavor to establish the existence of a factual dispute, the opposing party need not

24  establish a material issue of fact conclusively in its favor. *First Nat'l Bank of Ariz.*, 391 U.S. at

25  288–89. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to

26  resolve the parties' differing versions of the truth at trial." *Id.* Thus, the "purpose of summary

27  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

28  genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e)

1  advisory committee's note on 1963 amendments).

2         In resolving the summary judgment motion, the court examines the pleadings, depositions,

3  answers to interrogatories, and admissions on file, together with any applicable affidavits.  Fed.

4  R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The evidence

5  of the opposing party is to be believed and all reasonable inferences that may be drawn from the

6  facts pleaded before the court must be drawn in favor of the opposing party.  *Anderson*, 477 U.S.

7  at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

8  obligation to produce a factual predicate from which the inference may be drawn.  *Richards v.*

9  *Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir.

10  1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party

11  "must do more than simply show that there is some metaphysical doubt as to the material facts."

12  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead

13  a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. at

14  587.

15         B.    <u>Analysis</u>

16         Defendant moves for summary judgment on Plaintiff's claims for unpaid overtime and

17  minimum wages, meal break violations, rest break violations, failure to pay timely wages during

18  his employment, failure to pay regular wages at the termination of his employment, wage

19  statement violations and unfair competition.  (ECF No. 23 at 2–3.)  The Court will address each

20  claim in turn.

21                  i.    *Unpaid Overtime and Minimum Wages*

22         Defendant argues Plaintiff's claim for unpaid overtime and minimum wages fails because

23  Plaintiff testified in his deposition that he never worked off the clock and his pay records

24  demonstrate that no "time-shaving" occurred.  (ECF No. 23 at 11.)  Plaintiff does not address his

25  claim for unpaid overtime and minimum wages in his opposition.  (*See* ECF No. 25.)

26         On a motion for summary judgment, the plaintiff's failure to address the defendant's

27  arguments regarding a claim serves as the plaintiff abandoning that claim.  *Est. of Shapiro v.*

28  *United States*, 634 F.3d 1055, 1060 (9th Cir. 2011) (affirming summary judgment on a claim

1    because the plaintiff "abandoned th[e] claim by failing to raise it in opposition to the

2    [defendant's] motion for complete summary judgment"); *see also Shakur v. Schriro*, 514 F.3d

3    878, 892 (9th Cir. 2008) (quoting *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir.

4    2005) ("We have previously held that a plaintiff has 'abandoned . . . claims by not raising them in

5    opposition to [the defendant's] motion for summary judgment.' ")

6        Here, Plaintiff fails to address his claim for unpaid overtime and minimum wages in his

7    opposition.  (*See* ECF No. 25.)  Moreover, Plaintiff fails to explain how evidence it identifies in

8    his response to Defendant's separate statement of undisputed facts bears on his claim for unpaid

9    overtime and minimum wages.  (ECF No. 25-1 at 2–3.)  Thus, Plaintiff has provided no argument

10   regarding his unpaid overtime and minimum wages claim, and Plaintiff has abandoned this claim.

11       Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to

12   Plaintiff first claim for unpaid overtime and minimum wages.

13                            *ii.    Meal Break Violations*

14       Defendant argues Plaintiff's claim for meal break violations fails because Plaintiff's

15   deposition testimony and time records demonstrate Plaintiff received a timely, uninterrupted meal

16   break of at least thirty minutes on all shifts.  (ECF No. 23 at 12–14.)  Defendant contends that,

17   with one exception, Plaintiff always spent at least thirty minutes clocked out for his meal break.

18   (*Id*. at 13.)  Defendant argues, even in the one instance when Plaintiff clocked out for 28 minutes,

19   Plaintiff was relieved of his duties for at least the required thirty minutes because Plaintiff spent

20   five minutes walking to the break room instead of clocking out immediately.  (*Id*.)

21       In opposition, Plaintiff argues records showing noncompliant meal periods raise a

22   rebuttable presumption of meal period violations.  (ECF No. 25 at 5 (citing *Donahue v. AMN

23   Servs., LLC*, 11 Cal. 5th 58, 77 (2021) ("If time records show missed, short, or delayed meal

24   periods with no indication of proper compensation, then a rebuttable presumption [of meal period

25   violations] arises.").)  Plaintiff contends that in addition to the 28-minute meal break on

26   November 16, 2021, time records reflect that on December 1, 2021, Plaintiff did not receive a

27   first or second meal break for a shift longer than ten hours.  (*Id.* at 6.)  Plaintiff further argues

28   Defendant has not provided evidence that meal break premiums were lawfully paid for each

                                              6

1    violation and thus, has failed to rebut the presumption that proper compensation was not paid for

2    non-compliant meal breaks.  (*Id*. at 5.)

3         In reply, Defendant argues Plaintiff's admissions about receiving proper meal breaks —

4    despite what the records show — unquestionably rebut the *Donahue* presumption and defeat

5    Plaintiff's claim.  (ECF No. 27 at 4.)  Defendant cites to a number of cases for its contention that

6    because Plaintiff admitted he received compliant meal breaks, his time records are irrelevant.

7    (*Id*.)  Defendant further argues that while Plaintiff claims he cut his meal break short a couple of

8    times, Defendant demonstrated that Plaintiff always received at least thirty minutes of off-duty

9    time, which Defendant contends is all the law requires.  (*Id*.)

10        The Court finds Plaintiff has established the *Donahue* presumption applies in this case.

11   Time records reflect that on November 16, 2021, Plaintiff took a 28-minute meal beak after

12   working 4 hours and 52 minutes and on December 1, 2021, Plaintiff did not clock out for a meal

13   break after working 4 hours and 31 minutes.  (ECF No. 25-2 at 9–10.)  Defendant, however,

14   adequately rebuts the presumption with Plaintiff's testimony.  First, Plaintiff admitted he was

15   scheduled for a meal break of a least thirty minutes after about four or four and a half hours of

16   work on every shift he worked.  (ECF No. 23-2 at 10.)  Further, while records reflect two

17   potentially non-compliant meal breaks, the undisputed evidence establishes that upon being

18   relieved of duty for the scheduled meal break, Plaintiff walked to the break room — a walk of

19   approximately five minutes — to clock out at the time clock there.[2]  (ECF 25-1 at 4.)  As it is

20   undisputed Plaintiff was relieved from duty and on a scheduled meal break while Plaintiff walked

21   approximately five minutes to clock out, the Court agrees with Defendant that Plaintiff received a

22

23   [2]      Plaintiff purports to dispute Defendant's separate statement of undisputed material fact

24   No. 15, which states Plaintiff walked on-the-clock to the break room and clocked out there for his
     meal break, but Plaintiff fails to point to supporting evidence for his contention that Plaintiff
     would "clock in closest to my — where I start working at."  (ECF No. 25-1 at 4.)  Upon review of

25   Plaintiff's deposition transcript, the Court finds Plaintiff's statement that he would "clock in

26   closest to my — where I start working at" does not pertain to meal breaks but rather refers to
     where Plaintiff would clock in *at the start of a shift*.  (ECF No. 23-2 at 10 (emphasis added).)

27   Because where Plaintiff would clock in at the start of a shift does not refute that Plaintiff walked
     on-the-clock to the break room and clocked out there for meal breaks, the Court considers

28   Defendant's separate statement of undisputed material fact No. 15 to be undisputed.

1    timely, uninterrupted meal break of at least thirty minutes on all shifts.

2            Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to

3    Plaintiff's second claim for meal break violations.

4                            *iii.    Rest Break Violations*

5            Defendant argues Plaintiff's claim for failure to provide rest breaks fails as a matter of law

6    because Plaintiff admits he consistently received at least the minimum rest breaks required.  (ECF

7    No. 23 at 14.)  In opposition, Plaintiff argues his deposition testimony shows that at times his

8    breaks were cut in half or shortened, and occasionally, he had to take a radio with him.  (ECF No.

9    25 at 6.)

10           The Court finds the testimony cited by Plaintiff, however, does not refute Plaintiff's

11   admission that he consistently received at least the minimum rest breaks required.  As Defendant

12   correctly points out, the cited testimony is inapposite. First, Plaintiff cites a passage that has

13   nothing to do with whether Plaintiff received rest breaks but rather, concerns repairing the sorter

14   machine.  (ECF No. 25-1 at 4.)  Second, Plaintiff cites a passage regarding an instance in which

15   engineers *tried* to get Plaintiff to work during his break.  (*Id*.)  However, in that instance, Plaintiff

16   complained and received a proper rest break.  (ECF No. 25-2 at 5.)  Third, Plaintiff cites

17   testimony in which Plaintiff stated his breaks were "cut in half."  (ECF No. 25-1 at 4.)  However,

18   the testimony was clarified to be that his scheduled 15-minute breaks were shortened to 10

19   minutes.  (*Id*.)  Thus, without more, Plaintiff has failed to offer any specific evidence that

20   Defendant fails to provide rest breaks.

21           Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to

22   Plaintiff's third claim for rest break violations.

23                    *iv.    Failure to Pay Timely Wages, Wage Statement Violations, and*

24                            *Unfair Competition*

25           Defendant argues Plaintiff's claims for failure to pay timely wages, wage

26   Statement violations and unfair competition fail because they are derivative of Plaintiff's claims

27   for failure to pay wages and break premiums, which also fail.  (ECF No. 23 at 15.)  Defendant

28   further argues the claims fail for independent reasons.  (*Id*.)  With respect to the final pay and

wage statement claims, Defendant contends the claims require a heightened showing that Defendant "willfully" failed to pay wages at termination. (*Id.* at 15–16 (citing *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1203 (2008) (employee bears the burden of proving willfulness)).) Defendant argues Plaintiff's own admissions and records preclude any showing that he performed work without pay or experienced a meal or rest break violation. (ECF No. 23 at 16–17.) Additionally, Defendant argues Plaintiff's wage statement claim improperly duplicates his wage claims. (*Id.* at 17–18.) Finally, with respect to Plaintiff's unfair competition claim, Defendant contends Plaintiff must establish that he lacks an adequate remedy at law as Plaintiff is seeking restitution of his allegedly unpaid wages. (*Id.*) Defendant argues Plaintiff's Labor Code claims provide damages for the same amount Plaintiff seeks in restitution under the Unfair Competition Law — namely, unpaid wages and break premiums — and thus, his legal remedies are adequate. (*Id.* at 19–20.)

In opposition, Plaintiff fails to address the majority of Defendant's arguments. (*See* ECF No. 25.) Instead, Plaintiff only argues his wage statement claim survives because it is derivative of his rest and meal break claims. (*Id.* at 7–8.) Plaintiff cursorily makes the same point about his unfair competition claim in the introduction of his opposition. (*Id.* at 2.)

As stated previously, on a motion for summary judgment, the plaintiff's failure to address the defendant's arguments regarding a claim serves as the plaintiff abandoning that claim. *Est. of Shapiro*, 634 F.3d at 1060; *see also Shakur*, 514 F.3d at 892.

Here, Plaintiff concedes his wage statement and unfair competition claims are derivative of his break claims. Because the Court finds Plaintiff's rest breaks claims fail, as explained above, the Court finds Plaintiff's wage statement and unfair competition claims fail. Moreover, Plaintiff fails to address Defendant's independent grounds for summary judgment as to Plaintiff's claims for failure to pay timely wages, inaccurate wage statements, and unfair competition. Thus, Plaintiff has abandoned these claims.

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment as to Plaintiff's fifth, sixth, seventh, and eighth claims for failure to pay timely wages, inaccurate wage statements, and unfair competition.

1

**IV.    CONCLUSION**

2    For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Deny Class

3    Certification in Part (ECF No. 17) and GRANTS Defendant Motion for Partial Summary

4    Judgment (ECF No. 23) in its entirety.

5    The Court notes the parties have not followed the procedures and deadlines set forth in its

6    Amended Pretrial Scheduling Order ("the Order").  (ECF No. 12.)  Pursuant to the Order, all

7    discovery relevant to class certification should have been completed within two hundred forty

8    (240) days from the date of the Order, and a motion for class certification should have been filed

9    no later than one hundred eighty days after the close of certification discovery.  All other

10    necessary dates and deadlines were to be issued following the Court's ruling on Plaintiff's Class

11    Certification Motion.  Accordingly, it appears Defendant's Motion for Partial Summary Judgment

12    was premature and Plaintiff's deadline to file a motion for class certification has passed.  Neither

13    party raised concerns regarding the parties' failure to adhere to the Order nor have the parties

14    filed a proposed stipulation to modify the Order.

15    The Court ORDERS the parties to file a joint status report within thirty (30) days of this

16    order indicating whether Plaintiff will file a motion for class certification and if so, whether the

17    Court should allow Plaintiff to do so given that the deadline to do so has passed.

18    Date: March 10, 2025

19

20

21

22    _____

23    TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28